OPINION
{¶ 1} Appellant Darnell Jones appeals his conviction, based on a no contest plea, for driving under a suspended license and disorderly conduct. The charges arose after Appellant failed to stop for a school bus on Southern Boulevard in Youngstown. Appellant contends that there was no basis for the initial traffic stop, thus constituting a violation of his Fourth Amendment right against unreasonable searches and seizures. This argument is based on the fact that the arresting officer corrected his testimony at the suppression hearing regarding the name of the cross street where the initial traffic violation occurred. The officer's corrected testimony may have created a credibility issue for the trial court to resolve, but it did not negate the officer's reasonable suspicion of criminal activity. The officer testified that he saw the traffic violation take place, and the trial court judge apparently believed that part of the officer's testimony. There was no basis for suppressing any evidence, and the judgment of the Youngstown Municipal Court is affirmed.
 {¶ 2} On April 4, 2006, Youngstown Police Officer Bob Chaibi was on patrol on Avondale Avenue in Youngstown, at the intersection with Southern Boulevard. He saw a school bus, which had been traveling south on Southern Boulevard, discharging children. Appellant was driving north. As Officer Chaibi watched, Appellant drove past the school bus without stopping. The officer then turned onto Southern Boulevard, activated his overhead lights, and pulled Appellant over to conduct a traffic stop. Appellant turned right onto Boston Avenue to pull over for the traffic stop. During the stop, the officer learned that Appellant did not have a valid driver's license. The officer arrested Appellant and impounded the car. During the *Page 2 
inventory search of the car, the police found a loaded gun. Appellant was charged with driving under a suspended license, R.C. 4510.16, and failure to stop for a school bus, a violation of Youngstown Municipal Ordinance 331.38. A complaint was later filed charging him with obstructing official business, R.C. 2921.31(A).
 {¶ 3} The Youngstown Municipal Court held a preliminary hearing on April 12, 2006. Officer Chaibi testified at the preliminary hearing that he believed the school bus was stopped on Southern Boulevard at the intersection with Philadelphia Avenue. He believed that Appellant then turned right on Boston Avenue. At a subsequent motion to suppress hearing held on May 15, 2006, the officer testified that he was mistaken about the street names, and that Appellant actually failed to stop for the school bus at the intersection of Southern Boulevard and Brooklyn Avenue, which is two blocks south of Philadelphia Avenue. He testified that he mixed up the names of Philadelphia and Brooklyn Avenues.
 {¶ 4} Appellant's counsel argued that the error in the officer's testimony invalidated the basis for the traffic stop. The court overruled Appellant's motion to suppress.
 {¶ 5} On May 30, 2006, Appellant entered into a Crim.R. 11 plea agreement. He pleaded no contest to one charge of disorderly conduct, a violation of Youngtown Municipal Ordinance 509.03(A)(5), a minor misdemeanor, and one count of driving under suspension, R.C. 4510.16, a first degree misdemeanor. On May 30, 2006, the trial court accepted the plea and sentenced Appellant to ten days in jail, one year of *Page 3 
probation, and ordered him not to own or possess any firearms. This timely appeal followed on June 2, 2006.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "The trial court erred in denying Appellant's Motion to Suppress."
 {¶ 8} Appellant cites the correct standard of review in this appeal. The review of a ruling on a motion to suppress is generally a mixed question of fact and law. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In a hearing on a motion to suppress, the trial court sits as the trier of fact and is responsible for determining the credibility of the witnesses and weighing the importance of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583. The trier of fact may believe or disbelieve the testimony of each witness as it sees fit. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. A reviewing court should accept the trial court's findings of fact if they are supported by competent and credible evidence.Fanning, supra, at 20. With respect to the trial court's conclusions of law, however, a court of appeals applies a de novo standard of review and must determine whether the facts satisfy the applicable legal standards. Burnside, supra, at ¶ 8.
 {¶ 9} The Fourth Amendment protects against unreasonable searches and seizures. For a police seizure, including a brief investigative traffic stop, to be reasonable it must be supported by some objective justification. Terry v. Ohio (1968), 392 U.S. 1, 20-21, 88 S.Ct. 1868,20 L.Ed.2d 889. Before stopping a vehicle, a law enforcement officer must have a reasonable suspicion of criminal activity, *Page 4 
based upon specific, articulable facts. Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; Terry, supra. So long as there is a reasonable suspicion that a traffic violation occurred or is occurring, the stop is constitutional. Dayton v. Erikson (1996),76 Ohio St.3d 3, 12, 665 N.E.2d 1091. This holding applies even to a minor misdemeanor traffic violation. Id. at 12, 665 N.E.2d 1091.
 {¶ 10} Appellant argues that there was no probable cause or reasonable suspicion of criminal activity in this case because Officer Chaibi testified at the preliminary hearing that the school bus was stopped near Philadelphia Avenue, which is actually two or three blocks north of where Appellant was driving. Appellant argues that if the school bus was anywhere near Philadelphia Avenue, it would have been at least two blocks away from where Appellant was driving and could not have been a reason for Officer Chaibi to pull him over. The record indicates, though, that Officer Chaibi was not at all confused about the sequence of events leading to Appellant's arrest on April 4, 2006, even though he may have been confused as to the names of the streets around where the traffic stop occurred. He saw Appellant drive past the school bus without stopping, and also saw him make a turn off of Southern Boulevard onto Boston Avenue. At the suppression hearing, Office Chaibi testified that he originally thought that the name of the cross street where the school bus had stopped was Philadelphia Avenue, but he later realized the name of the street was Brooklyn Avenue. The officer's confusion about the names of the streets may reflect on his credibility as a witness, but it does not alter or nullify his testimony that Appellant illegally passed the school bus while it was stopped to discharge *Page 5 
children. "It is the province of the [factfinder] to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness." State v. Lakes (1964),120 Ohio App. 213, 217, 201 N.E.2d 809.
 {¶ 11} The inconsistency in Officer Chaibi's testimony is that he confused the names of two streets. The street names help give a context for the traffic violation, but they are not necessary to prove that the traffic violation occurred. Minor inconsistencies in testimony do not invalidate probable cause or reasonable suspicion of criminal activity.State v. Hunsaker (1992), 78 Ohio App.3d 251, 256, 604 N.E.2d 247. For example, the transposing of two numbers in a house address does not, in and of itself, invalidate probable cause for issuing a search warrant.State v. Scott, 7th Dist. Nos. 02 CA 108, 02 CA 123, 2003-Ohio-5011. Because the record contains a clear description of the facts leading up to the arrest, including a detailed explanation of the traffic violation as observed by Officer Chaibi, the record contains competent, credible evidence supporting the trial court's decision overruling Appellant's motion to suppress. Appellant's assignment of error has no merit, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1